# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MUNICH RE SYNDICATED LTD., as Subrogees of J.B. HUNT TRANSPORT, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 25-cv-156-GLJ ) |
| TAJ TRANS INC. and GURDYAL SINGH, | ) ) ) |
| Defendants. | ) ) |

## ORDER

This matter is before the Court on a motion by Defendants to dismiss pursuant to Fed. R. Civ. P. 9(b) and 12(b)(6). For the reasons set forth herein, Defendants' Motion to Dismiss [Docket No. 23] is DENIED.

## Background

Plaintiff, as subrogee of J.B. Hunt Transport, Inc., filed this case on May 12, 2025 [Docket No. 2]. Plaintiff alleges Best Buy Company, Inc. purchased a shipment consisting of 25 pallets of 620 cartons of audio equipment from Harmon that was to be delivered to Ardmore, Oklahoma ("Load"). *See* Docket No. 2, ¶¶ 7-9. The Bill of Lading identifies BNSF Logistics as the carrier for the Load, although BNSF was the broker of the Load and was subsequently acquired by J.B. Hunt. *Id*., Ex. A & ¶ 9. Gurdyal Singh, who is the principal of Taj Trans Inc., accepted the Load via a load board, picked up the Load from Shepherdsville, Kentucky on January 17, 2024, and delivered the Load to Best Buy in

Ardmore, Oklahoma on or around January 19, 2024. *Id*., ¶¶ 4, 10-11 & 21. At the time of delivery, however, the Load only consisted of one pallet of 12 cartons of electronic products. *Id*., ¶ 11. At the time of the Load's delivery, Taj through Singh or others presented a bill of lading that had been "doctored" to falsely show the Load consisted of only one pallet of 12 cartons of electronics. *Id*., ¶¶ 11, 24 & Ex. B. Plaintiff alleges that, at the time he accepted the Load on behalf of Taj, Singh intended to modify the shipping documents to perpetuate a fraud against the other parties, Singh or others acting on his behalf did falsify the bill of lading, and Singh or others acting on his behalf presented the falsified bill of lading to Best Buy. *Id*., ¶¶ 22-24. Plaintiff alleges that Singh or others acting on his behalf removed the bulk of the Load from Singh's transport vehicle sometime after picking up the Load on January 17, 2024 and before delivering it on January 19, 2024. *Id*., ¶ 23. Best Buy accepted the falsified bill of lading and the shipment. *Id*., ¶ 25. Plaintiff, as the insurer of the Load, paid $145,209.02 to J.B. Hunt for the loss under a cargo insurance policy due to a claim by Best Buy. *Id*., ¶ 27.

The Complaint alleges a claim under the Carmack Amendment against Taj for carrier liability for the loss. The Complaint alleges claims for fraud and conversion against Singh. Defendants move to dismiss the Complaint, arguing it fails to allege Taj was the carrier of the Load, fails to allege fraud with sufficient particularity, and fails to allege Singh personally participated or exercised dominion over any property.

-2-

**Analysis**

I.    **Legal Standards**

Under Fed. R. Civ. P. 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Practically, this means that the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim is plausible on its face when the complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "In considering whether the complaint's allegations are sufficient, the court first eliminates conclusory allegations, mere 'labels and conclusions,' and any 'formulaic recitation of the elements of a cause of action.'" *Bledsoe v. Carreno*, 53 F.4th 589, 606 (10th Cir. 2022) (quoting *Iqbal*, 556 U.S. at 678) (quoting *Twombly*, 550 U.S. at 555). "The court then accepts as true all well-pled factual allegations and considers 'whether they plausibly give rise to an entitlement to relief.'" *Id.* (quoting *VDARE Found. v. City of Colorado Springs*, 11 F.4th 1151, 1159 (10th Cir. 2021).

When reviewing a motion for dismissal under Rule 12(b)(6), the Court "'must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed.'" *Commonwealth Prop. Advocates, LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1201-1202 (10th Cir. 2011) (quoting *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007)). "While the 12(b)(6) standard does not require that

-3-

Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). In a case against multiple defendants, "it is particularly important . . . that the complaint make clear exactly *who* is alleged to have done *what* to *whom*, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations. . . ." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008).

## II.    Carmack Claim

The Carmack Amendment, which was enacted in 1906 as an amendment to the Interstate Commerce Act of 1887, addresses the liability of common carriers for goods lost or damaged during a shipment over which the Interstate Commerce Commission has jurisdiction. 49 U.S.C. § 14706. Under the Carmack Amendment liability attaches to motor carriers and freight forwarders for actual losses or injuries to the shipped property "caused by (A) the receiving carrier, (B) the delivering carrier, or (C) another carrier over whose line or route the property is transported in the United States." 49 U.S.C. § 14706(a)(1). "To establish a prima facie case for recovery under the Carmack Amendment, a plaintiff must establish the following: 1) delivery of the property to the carrier in good condition; 2) arrival of the property at the destination in damaged or diminished condition; and 3) the amount of the plaintiff's damages." *D&M Carriers, Inc. v. Reed*, 2008 WL 11338373, at *2 (W.D. Okla. July 24, 2008) (citing *Mercer Transp. Co. v. Greentree Transportation Co.*, 341 F.3d 1192, 1196 (10th Cir. 2003). A carrier can be held liable for damage to the shipped property without regard to fault. *See Mercer Transp.*, 341 F.3d at 1196–97.

Defendants argue the Carmack claim must be dismissed because Taj's name does not appear on the bill of lading and Plaintiff does not allege Taj received, transported or delivered the Load. *See* Docket No. 23, p. 5. Defendants further argue that Plaintiff only "suggests" that Taj may have "booked" the Load and that only carriers not schedulers or brokers are liable under the Carmack Amendment. *Id*. Plaintiff notes that multiple cases acknowledge that freight forwarders or brokers are often listed on bills of lading rather than the actual carrier and that it adequately pleads its claim. *See* Docket No. 27, p. 3.

The Court finds that Plaintiff satisfactorily states a Carmack claim. The Complaint specifically alleges that Taj picked up the Load of 25 pallets of 620 cartons of electronic products in good condition on January 17, 2024 in Shepherdsville, Kentucky as reflected on the bill of lading but delivered only one pallet of 12 cartons of electronic products to Best Buy in Ardmore, Oklahoma on or around January 19, 2024. *See* Docket No. 2, ¶¶ 7-11. The Complaint further details the damages Plaintiff suffered because of the short delivery. *Id*, ¶¶ 12-13. While the Complaint never specifically alleges Taj was a "carrier" for purposes of the Carmack Amendment, it does expressly allege it picked up the Load and delivered it to Best Buy. These are factual allegations, not conclusory statements, that plausibly state a claim upon which reasonable inferences can be drawn that Taj is liable under the Carmack Amendment. Furthermore, Defendants offer no support for their argument that the absence of Taj's name on the bill of lading is fatal to a Carmack claim or creates some contradictory allegations. Thus, Defendants' motion is denied as to the Carmack claim.

### III.    Fraud Claim Against Singh

The Complaint asserts a fraud claim against Singh based on his participation in the falsification of the bill of lading and the short delivery to Best Buy.  Defendants argue this claim must be dismissed because Plaintiff does not plead fraud with sufficient particularity as required by Fed. R. Civ. P. 9(b) but instead only asserts conclusory statements.  *See* Docket No. 23, pp. 6-7.

Fed. R. Civ. P. 9(b) requires that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."  "Rule 9(b)'s purpose is 'to afford [a] defendant fair notice' of a plaintiff's claims and the factual grounds supporting those claims."  *Clinton v. Security Benefit Life Ins. Co.*, 63 F.4th 1264, 1277 (10th Cir. 2023) (quoting *George v. Urb. Settlement Servs.*, 833 F.3d 1242, 1255 (10th Cir. 2016) (alteration in original) (citation omitted).  "[T]he most basic consideration for a federal court in making a judgment as to the sufficiency of a pleading for purposes of Rule 9(b) . . . is the determination of how much detail is necessary to give adequate notice to an adverse party and enable that party to prepare a responsive pleading."  *Id*. (quoting *U.S. ex rel. Lemmon v. Envirocare of Utah, Inc.*, 614 F.3d 1163, 1172 (10th Cir. 2010) (alteration in original) (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1298 (4th ed. 2022)).

Under Oklahoma law, the elements of actual fraud are: (1) a material misrepresentation; (2) known to be false at the time made; (3) made with specific intent that a party would rely on it; and (4) reliance and resulting damage.  *Key Finance, Inc. v. Koon*, 371 P.3d 1133, 1137 (Okla. Civ. App. 2015) (citing *Bowman v. Presley*, 212 P.3d

-6-

1210, 1218 (Okla. 2009)); *see also Manokoune v. State Farm Mut. Auto. Ins. Co.*, 145 P.3d 1081, 1086 (Okla. 2006) (Actual fraud is "the intentional misrepresentation or concealment of a material fact which substantially affects another person.") (internal quotation marks omitted). Under the "heightened pleading standard" for fraud claims, *see United States ex rel. Wickliffe v. EMC Corp.*, 473 F. App'x 849, 851 (10th Cir. 2012), Rule 9(b) requires Plaintiff to "set forth the time, place, and contents of the false representation [or concealment], the identity of the [fraudulent] party[,] . . . and the consequences thereof." *Toone v. Wells Fargo Bank, N.A.*, 716 F.3d 516, 522 (10th Cir. 2013) (internal quotation marks omitted); *see also United States ex rel. Polukoff v. St. Mark's Hosp.*, 895 F.3d 730, 745 (10th Cir. 2018) (requiring fraud claims be supported by "factual allegations regarding the who, what, when, where and how") (internal quotation marks omitted); *P.R. v. Zavaras*, 49 F. App'x 836, 840 (10th Cir. 2002) (finding "broad allegations" of concealment, "without any particular details regarding time, place, method or content of the alleged fraudulent concealment, f[ell] short of the requirement that the circumstances in all averments of fraud be pled with particularity").

Plaintiff satisfactorily states a fraud claim against Singh because it sets forth the who, what, when, where, and how of the alleged fraud. The Complaint alleges the "who" – Singh pickup up the Load on behalf of Taj, the company in which he was the principal. *See* Docket No. 2, ¶¶ 5 & 21. The Complaint alleges the "what" – Singh picked up the load with the intention of falsifying the bill of lading and delivering a short load to Best Buy, Singh or others working in concert with him falsified the bill of lading, Singh or others working in concert with him removed the bulk of the Load, Singh delivered the short

load, and Singh presented the falsified bill of lading to Best Buy. *Id*, ¶¶ 22-24. The Complaint alleges the when and where – Singh picked up the Load on January 17, 2024 in Kentucky and delivered the short load on or around January 19, 2024 in Oklahoma. *Id*, ¶¶ 10-11. While the Complaint does not allege precisely when or where the bulk of the Load was removed, the alleged events occurred within a narrow two-day period and somewhere between Kentucky and Oklahoma. Lastly, the Complaint alleges the "how" – Singh or others working in concert with him falsified the bill of lading, Singh presented the falsified bill of lading to Best Buy, and Best Buy relied on and accepted the falsified bill of lading and the short load. *Id*, ¶¶ 23-25. In short, the Complaint alleges facts with sufficient particularity and detail regarding his personal actions or his actions in concert with others to give adequate notice to Singh of the claim and to enable him to prepare a responsive pleading. In this case, the alleged fraud is not particularly complicated and, thus, neither are the alleged facts. This does not make the allegations conclusory. Therefore, Defendants' motion is denied as to the fraud claim.

## IV.    Conversion Claim Against Singh

Plaintiff asserts a conversion claim against Singh related to the personal property taken from the Load. *See* Docket No. 2, p. 5. Defendants argue this claim must be dismissed because Plaintiff did not allege Singh exercised personal dominion or control over the property and did not allege personal participation by Singh. *See* Docket No. 23, pp. 7-8.

Under Oklahoma law, conversion is an "act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein." *Welty v.*

*Martinaire of Okla., Inc.*, 867 P.2d 1273, 1275 (Okla. 1994).  The elements of conversion are: "(1) that the plaintiff owns certain property at the time of its conversion; (2) that defendant converted plaintiff's property by a wrongful act of disposition of the property; and (3) that damages are suffered by the plaintiff."  *See Tri-State Floors, Inc. v. Old Rule Servs., LLC*, 2022 WL 4653719, at *12 (N.D. Okla. Sept. 30, 2022).

Contrary to Defendants' arguments, Plaintiff satisfactorily alleges the elements of conversion against Singh, including his personal participation or directing the wrongful conduct.  The Complaint alleges "Singh and/or others acting on his behalf and/or in concert with Singh" accepted the Load, converted it to their own use and benefit and Plaintiff suffered damages therefrom.  *See* Docket No. 2, ¶¶ 29-31.  As Defendants acknowledge, an individual can be held personally liable for conversion when he personally commits, directs or knowingly participates in the wrongful taking.  *See* Docket No. 23, p. 7 (citing *Kirk v. Leeman*, 22 P.3d 382, 384 (Okla. Civ. App. 1973).  Indeed, that is precisely what Plaintiff alleges here – Singh acted personally or in concert with others acting on his behalf to do the wrongful act.  The Complaint alleges personal involvement by Singh in picking up the Load, presenting the false bill of lading to Best Buy and delivering the short load to Best Buy.  It can be reasonably inferred from the alleged facts that any falsification of the bill of lading and removal of product from the Load occurred while Singh controlled the Load and he was aware of or participated in such actions. All these facts go to Singh's personal involvement in the wrongful taking of the property.  Thus, the motion is denied as to the conversion claim.

## V.    Dissolution of Taj Tans Inc.

Lastly, Defendants argue that the dissolution of Taj provides relevant context for evaluating Plaintiff's claims. Taj was apparently dissolved on September 18, 2024, eight months after the conduct alleged in the Complaint. *See* Docket No. 23, p. 10. The Court does not agree that this information provides any meaningful context relevant to evaluating the adequacy of the Complaint or casting any doubt as to the adequacy of the Complaint in stating its claims.

## CONCLUSION

Accordingly, for the reasons set forth herein, Defendants' Motion to Dismiss [Docket No. 23] is DENIED.

IT IS SO ORDERED this 21st day of April, 2026.

_____
**GERALD L. JACKSON**
**UNITED STATES MAGISTRATE JUDGE**